UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 5/17/96**

DIANE DEUTSCH, individually and as
personal representative for the estate of
Ronald Deutsch; and ESTATE OF
RONALD DEUTSCH,

        Plaintiffs-Appellants,

v.

FEDERAL INSURANCE COMPANY, a
New Jersey corporation; and FIDELITY
TRUST COMPANY,

        Defendants-Appellees,

CHUBB GROUP OF INSURANCE
COMPANIES; CHUBB LIFE
INSURANCE COMPANY OF
AMERICA, a New Hampshire
corporation; and FIDELITY
INVESTMENTS LIFE INSURANCE
COMPANY, a Massachusetts corporation
d/b/a GOLD MASTERCARD,

        Defendants.

No. 95-1452
(D.C. No. 95-B-331)
(D. Colo.)

ORDER AND JUDGMENT[*]

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

———————————————

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs appeal from the district court's grant of summary judgment against them on their claim for benefits under a life insurance policy issued by defendant Federal Insurance Company through defendant Fidelity Trust Company. We have jurisdiction under 28 U.S.C. § 1291. We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Universal Money Ctrs., Inc. v. AT&T, 22 F.3d 1527, 1529 (10th Cir.), cert. denied, 115 S. Ct. 655 (1994).

Ronald Deutsch drowned during a commercial whitewater rafting trip operated by Nova Guides near Vail, Colorado. Prior to the trip, Nova Guides had taken an imprint of Mr. Deutsch's Gold MasterCard issued by Fidelity, although due to the accident, Nova Guides did not submit the imprint to Fidelity for payment. In connection with the MasterCard, Federal had issued an insurance policy providing, in relevant part, $300,000 in benefits for an accidental death of a cardholder riding as a passenger on "any conveyance operated by a common carrier licensed for the transportation of passengers for hire," when the

2

transportation fare has been charged to the Fidelity credit card. Appellees' Supp. App. at 201.

After Federal denied plaintiffs' request for benefits under the policy, plaintiffs brought this action in a Colorado state court. Defendants removed the case to federal court based on diversity, and moved for summary judgment on several bases including their contention that Nova Guides is not a common carrier. The district court granted defendants' motion on this ground.

In granting summary judgment, the district court first stated that Colorado law governed the case and that under Colorado law, statutory law pertaining to policy terms is considered part of the policy. Because the insurance policy did not define the term "common carrier," the court turned to the statutory definition of that term contained in Colorado's public utilities law, which is,

> "Common carrier" means every person directly or indirectly affording a means of transportation, or any service or facility in connection therewith, within this state by railroad, motor vehicle, aircraft, or other vehicle whatever by indiscriminately accepting and carrying for compensation passengers . . . between fixed points or over established routes or otherwise. . . .

Colo. Rev. Stat. § 40-1-102(3). The court determined that the "basic function of a common carrier is the provision of safe and secure transportation of persons or property." Appellants' App. at 57. The court concluded that because there was no genuine dispute Mr. Deutsch took the rafting trip as a recreational experience rather than as a means of transportation, the whitewater raft did not qualify as a common carrier despite the fact that it conveyed persons

3

from place to place. The court also noted that Nova did not satisfy the requirement for common carriers that it indiscriminately provide raft trips to everyone who wanted to ride because it refused business for many reasons. See Denver Cleanup Serv., Inc. v. PUC, 561 P.2d 1252, 1253 (Colo. 1977)("[O]ne of the fundamental distinctions between a contract carrier and a common carrier is that a contract carrier has an obligation only to his contract-customers and has no obligation to others desiring carriage, [while] the common carrier must convey for all desiring its transportation."). The court rejected plaintiffs' argument that the fact that Nova Guides was licensed by the State of Colorado as a river outfitter made it a common carrier.

On appeal, plaintiffs challenge neither the district court's application of Colorado law in general nor its reliance on the definition of "common carrier" contained in Colo. Rev. Stat. § 40-1-102(3). Plaintiffs contend only that whitewater rafting falls within that definition. We have fully considered plaintiffs' arguments and reviewed the record, and we are not persuaded the district court erred. Therefore, for substantially the same reasons as the district court stated in its September 29, 1995 order, we affirm the grant of summary judgment in favor of defendants.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge